UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

COLTON FRENCH,
    *Plaintiff,*

v.

DARTMOUTH COLLEGE,
    *Defendant.*

Civil No. *1:18-cv-659-LM*

## MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO DISMISS

The defendant moves to dismiss counts I, II and III on the basis that "the plaintiff's complaint fails to allege facts showing that the conduct of the defendant created a new risk or unreasonably increased the inherent risks of the sport of baseball."

In New Hampshire, "it is settled that 'a plaintiff does not assume a risk of harm arising from the defendant's conduct unless he then knows of the existence of the risk and appreciates its unreasonable character.' … While one participating in a sport might 'consent to those commonly appreciated risks which are inherent and arise out of the nature of the sport generally and flow from such participation'…, one does not ordinarily assume an 'unreasonably increased or concealed' risk." *Hacking v. Town of Belmont,* 143 NH 546, 553. In that case, the Supreme Court affirmed the trial court's denial of a motion to dismiss a complaint by a plaintiff injured in a high school basketball game which the plaintiff alleged was caused by the referee's having lost control of the game and therefore allowing unnecessary violence. The court held "assuming the truth of this allegation, and drawing all reasonable inferences in their favor, we cannot say as a matter of law that this was an ordinary risk inherent within the game of basketball that [the plaintiff]… would have known

1

and appreciated." *Id*. at 553-554.

  In this case, contrary to defendant's assertion, Colton French has alleged a number of facts which demonstrate, not only that the manner in which the defendant conducted the baseball practice during which Colton was injured unreasonably increased its risk and that he was unaware of that increased risk, but also that the defendant negligently failed to instruct Colton in the safe use of an "L" screen during "live" pitching practice. Negligent instruction in a sport is not inherent risk of any sport. *Porter v. Dartmouth College,* No. 07-cv-28-PB (DNH 10/24/07) (New Hampshire's statute immunizing ski areas from liability for injuries caused by an inherent risk of skiing does not bar an action for injury caused by negligent instruction.) <u>See</u> *Adie v. Temple Mountain Ski Area*, 108 NH 480 (483-84) (1968).

  The plaintiff has alleged several facts, not mentioned in the defendant's motion, which support his claim for negligent instruction, and that the defendant's conduct of the baseball practice in which he was injured unreasonably increased its risk. First, it is important to understand that conducting a live pitching practice to a live batter in an indoor facility with an "L" screen is not the usual scenario. "L" screens are marketed for use during <u>batting</u> practice, when a coach sits behind the screen and throws the ball, to the batter. Complaint, ¶ 9; <u>see</u> instructional videos available on You Tube:

https://www.youtube.com/watch?v=VSmqWWM8u04

https://www.youtube.com/watch?v=-frXYXLLQCU

https://www.youtube.com/watch?v=l7RD8n4EHM0

https://www.youtube.com/watch?v=hVkGGBXDxEY&t=3s

https://www.youtube.com/watch?v=0KvaeED0aD0

https://www.youtube.com/watch?v=ktP5G3Q2E-k . That typical use is what Colton

French had previously been exposed to. He alleged that he had <u>never</u> pitched to a batter in either a game or practice from behind an "L" screen, and that he had not received any instruction in how to safely use the screen prior to the date of his injury. Complaint, ¶¶ 7, 8. Such instruction is essential, because pitching with a full motion while also trying to stay behind the screen is awkward and does not come naturally to a player not used to it. Complaint, ¶¶ 11, 12, 13.

The plaintiff also alleged that it is not always possible for a player to know if he is staying behind the screen while engaged in "live" pitching, and that such a pitching motion increases the likelihood that his head will inadvertently extend beyond the screen. Complaint, ¶¶ 11, 12, 13. The defendant's coaches did not instruct him in the appropriate use of the "L" screen, Complaint, ¶ 21. Moreover, the "L" screen increases the risk of injury, because it creates a false sense of security. Complaint, ¶ 23.

The defendant makes the broad assertion that "the act of being struck by a baseball is within the range of ordinary activity that is involved in the sport of baseball. … therefore, anytime a player is voluntarily participating in the sport of baseball, the inherent risk exists of being hit by the ball. The player assumes that risk when he or she participates." Motion to Dismiss ¶ 18. That is not factually or legally correct. While there are situations where, even with the use of reasonable care, the risk of being hit by a ball is unavoidable, for example the scenario in *Allen v. Dover Co-Recreational Softball League,* 148 NH 407 (2002) (player hit by "errantly thrown softball" while running to first base during adult slow-pitch softball tournament), Colton French was not pitching in a competitive game situation. He was in a controlled environment which afforded ample time and opportunity for his coaches to ensure it was as safe as possible. It also created risks greater than in a game situation, because of the lack of instruction, supervision and appropriate equipment,

and the dimly lit, distracting surroundings, in addition to the false sense of security conveyed by the use of the "L" screen. Compare, e.g. *Sanchez v. Hillerich & Bradsby*, 104 Cal. App. 4th 703 (Cal. App. 2d Dist. 2002)(use of "Air Attack 2" metal baseball bat increased risk of pitcher being hit by a batted ball). At least one commentator agrees that pitching from behind an "L" screen is baseball's "most dangerous position." Pinkman, "Batting Practice Pitcher: Most Dangerous Position," https://www.momsteam.com/sports/batting-practice-pitcher-most-dangerous-position, attached. This article, the You Tube videos, and discussions on a high school baseball website available in 2010, https://community.hsbaseballweb.com/topic/pitching-batting-practice-using-an-l-screen, attached, demonstrate that the dangers of using "L" screens for pitching and batting practice were well known to those familiar with that use, and should have been known to the Dartmouth coaches.

The defendant also moves to dismiss the plaintiff's claim for spoliation, based on its disposal of the "L" screen being used by Colton French, and its failure to produce the video taken of him when he was hit. A flash drive containing videos produced by the defendant will be provided to the Court; they demonstrate the inadequacy of the screen in use at the time. In support of its motion, the defendant argues "the existence of spoliation of evidence as a cause of action 'is an unsettled question of New Hampshire law'". Memorandum at ¶ 26, citing *Barrett v. Ambient Pressure Diving, LTD,* Civil No. 06-cv-240-SM (DNH 9/15/08) and *Rodriguez v. Webb*, 141 NH 177 (1996). However *New Hampshire Ball Bearings, Inc. v. Jackson,* 158 NH 421 (2009) affirmed that evidence that a party has destroyed or discarded evidence warrants the following jury instruction:

> I instruct you that all parties are under an obligation to preserve documents and records from the time that the party is reasonably on notice that a document or record may become

4

evidence or be subject to discovery in a lawsuit. In this case, the plaintiff maintains that the defendants intentionally lost or destroyed certain records or documents subject to a preservation obligation. The defendants deny this and to the extent that documents or records are missing, they suggest innocent explanations. ... If, based on the evidence, you find that records or documents would have been relevant to this case and that a party intentionally lost or destroyed them to keep the information secret, you may draw an unfavorable inference on an account of there having been missed documents or records. If you find, however, that there was an innocent explanation for the missing records or documents, or if you find that those records and documents would not have been relevant to this case, you may not draw such an inference.

While this decision does not expressly create a cause of action for a spoliation, it makes clear that such an allegation is permissible, and evidence may be introduced to support it. Therefore, it would be premature and unnecessary to dismiss the plaintiff's claim at this stage of the proceeding.

    Respectfully Submitted,

    Colton French

    By: NIXON, VOGELMAN, SLAWSKY & SIMONEAU, PA

Dated: November 1, 2018　　　　/s/Leslie C. Nixon
    Leslie C. Nixon, Esquire (# 1880)
    77 Central Street
    Manchester, NH 03101
    (603) 669-7070
    lnixon@davenixonlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been sent to Laurence W. Getman, Esquire, counsel for the defendant, on November 1, 2018 via ECF mail.

    /s/Leslie C. Nixon
    Leslie C. Nixon, Esquire