UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*************************************
**Colton French,**                 *
                                   *
         **Plaintiff**             *
                                   *    CASE NO:  1:18-cv-00659-LM
    **v.**                         *
                                   *
                                   *
**Dartmouth College,**             *
                                   *
         **Defendant**             *
                                   *
*************************************

### DEFENDANT'S REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

The defendant, Trustees of Dartmouth College a/k/a Dartmouth College ("defendant"), by and through its counsel, Getman, Schulthess, Steere & Poulin, P.A., respectfully submits the following Reply Memorandum pursuant to Local Rule III, 7.1(e)(1) and states as follows:

I.     Introduction

The defendant filed a motion to dismiss the negligence claims against it asserting that the plaintiff assumed the risk of being hit by a baseball when he participated in college-level baseball practice at Dartmouth College. The defendant further moved to dismiss the spoliation claim brought by the plaintiff as there is no cause of action for spoliation in New Hampshire.

The plaintiff filed his objection to defendant's motion with supporting memorandum. The plaintiff attached to his responsive pleadings internet articles involving the subjective review of L-screens as well as references to You Tube videos.  The plaintiff then filed a motion to supplement his original response and attached an affidavit from high school coach

1

Bill Dod. The defendant objects to the introduction of these articles and affidavit as exhibits to be considered by the Court.

II. The Court should not consider the plaintiff's attachments.

"[T]he court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion …" Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). While a court may consider documents attached to the complaint or those of public records, Watterson v. Page, 987 F.2d 1 (1st Cir. 1993), here the documents attached to plaintiff's objection are neither part of the complaint nor a matter of public record and therefore should not be considered by the Court at this stage of the proceeding.

Additionally, the alleged evidence submitted in support of the plaintiff's objection is evidence that would not be admissible at trial and therefore should not be considered on a dispositive motion. For example, on a motion for summary judgment, the purpose of a summary judgment motion is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e). Therefore, the affidavits and evidence submitted on a motion for summary judgment must include facts that would be admissible at trial. Fed. R. Civ. P. 56(e). "It is black-letter law that hearsay evidence cannot be considered on summary judgment." Devila v. Corporacion De P.R. Para La Difusion Publica, 498 F.3d 9, 17 (1st Cir. 2007). A similar argument is equally compelling when considering a motion to dismiss.

Here, the facts submitted by plaintiff include (1) You Tube videos; (2) an internet article; and (3) a blog posting with responses. These documents are all inadmissible evidence at trial. They are unreliable internet posts that are not subject to verification. They further represent third party hearsay regarding youth sporting practice that is irrelevant to the facts of

this case involving a division one college varsity baseball practice. The plaintiff's supplemental motion includes the affidavit of Bill Dod. Mr. Dod was a high school baseball coach. Aff. Bill Dod ¶ 1. There is no evidence that he is familiar with college-level baseball coaching or the specific facts of this case. There is no evidence that his opinions on high school level standards of care are transferable or relevant to collegiate baseball. In <u>Allen v. Dover Co-Recreational Softball League</u>, 148 N.H. 407, 418 (2002), the New Hampshire Supreme Court stated that the type of contest, <u>i.e</u>. high school or college, is something that must be considered when determining the appropriate standard of care. Therefore, the facts within his affidavit are irrelevant and inadmissible at any trial on this matter.

Finally, provided this Court determines that the exhibits and affidavits should be considered, the information provided by plaintiff shows that an L-screen is a well-known piece of equipment within the baseball community and the screen is regularly used in baseball practice. While plaintiff attempts to contend that there is an issue as to whether high school or youth sports pitchers should use an L-screen as well as to whether they should require helmets during pitching practice, the irrefutable fact is that L-screens are used during pitching practice. The plaintiff claims that "conducting a live pitching practice to a live batter in an indoor facility with an "L" screen is not the usual scenario," [Pl. Obj. Memo. at 2], and cites to You Tube videos in support; however, the case law makes clear that this type of pitching practice is common. See <u>Bukowski v. Clarkson University</u>, 971 N.E.2d 849, 851 (N.Y. 2012) (discusses L-screens during practice); <u>Prokop v. Indep. Sch. Dist. #625</u>, 754 N.W.2d 709 (Minn. App. 2008) (same). The attachments and case law show that an L-screen is regularly used during baseball practice both with live pitching as well as with hitting. The plaintiff's focus on the L-screen is an attempt to assign a duty to the defendant to prevent baseball injuries. Such a duty would chill participation in the sport of baseball. The L-screen did not cause the plaintiff's

3

accident.  Provided there was no L-screen, the plaintiff would still have been injured – it was the baseball hit off the batter that caused the injury.  Dartmouth College provides L-screens in an attempt to reduce the inherent risk of being hit by a ball; however, that risk always exists in baseball and voluntary participation in the sport includes the assumption of that risk.

 III. The plaintiff's risk of being hit by a baseball while pitching was an ordinary risk.

  The plaintiff argues that Dartmouth College unreasonably increased the risk of injury or concealed the risk of injury and cites to Hacking v. Town of Belmont, 143 N.H. 546 (1999) in support.  In Hacking, the plaintiff was a sixth grade elementary student participating in a girls' basketball game.  Id. at 547.  The plaintiff alleged in her complaint that during the game, the referees lost control of the game and she was knocked down twice and her leg was stepped on causing injury.  Id.  The Court took these facts as true and concluded that it could not find that this was an ordinary risk of playing basketball.  Id. at 553-54.

  Here, the plaintiff alleges that he was a college-level baseball player recruited to pitch for Dartmouth College. [Complaint ¶¶ 5-6].  Unlike the elementary school plaintiff in Hacking, at the time of this accident he was a skilled and experienced baseball player.  The plaintiff was participating in baseball practice at an indoor facility during the winter months and was pitching to a live batter in a cage with an L-screen.  [Complaint ¶¶ 14, 16].  Unlike an elementary student getting pushed down and stepped on during a basketball game, none of the facts in this case are outside the ordinary actions of a college-level baseball practice that occurs during the winter.  See Bukowski, 971 N.E.2d at 852.  Instead, the plaintiff focuses his argument on the allegation that the coaches failed to instruct him and "ensure it was as safe as possible." [Pl. Obj. Memo. at 3].

 IV. The plaintiff's allegation of negligent instruction is insufficient to support a claim based upon the case law provided.

The plaintiff claims that "[n]egligent instruction in a sport is not [an] inherent risk of any sport." [Pl. Obj. Mem. at 2]. In support of this argument, the plaintiff cites to Porter v. Dartmouth College, No. 07-cv-28-PB (DNH 10/24/07) and Adie v. Temple Mountain Ski Area, 108 N.H. 480 (1968).

In Adie, the plaintiff was a minor with no experience in skiing. Adie, 108 N.H. at 481. The plaintiff rented equipment and paid admission to the defendant's ski resort. Id. The plaintiff paid for skiing instruction and "the defendants were informed that she had never been on skis before." Id. It was alleged that the defendants left the plaintiff unattended in a ski area without proper instruction where she fell and was injured. Id. The defendants filed a motion to dismiss relying on New Hampshire Skiers, Ski Area, and Passenger Tramway Safety Act, N.H. Rev. Stat. Ann. § 225-A. Following analysis of statutory law applicable to the facts in that case, the court concluded that "[s]ince the statute does not regulate instruction in skiing by operators [the court] cannot find that it is intended to bar recovery for an operator's negligence in this area." Id. at 483-84.

Similarly, in Porter, Christine Porter enrolled in an introductory ski class to fulfill her physical education requirement at college. During the class, her instructors allowed her to ski down a slope without supervision causing her to ski off the trail resulting in her injuries. The Court applied the analysis in Adie to conclude that § 225-A does not bar a claim for negligent instruction.

Unlike Adie and Porter, plaintiff's allegations of negligence do not fall under any such statute and the courts' analysis of statutory construction in those cases is inapplicable to this case. Furthermore, the defendant's argument is not that negligent instruction, or even negligence, cannot be a valid claim. In Porter, the Court stated: "There is no good reason why

5

negligent instruction should be deemed to be an inherent risk of skiing." Instead, the defendant asserts that the plaintiff's allegations are insufficient to support such a claim.

In <u>Adie</u> and <u>Porter</u>, the plaintiffs were inexperienced skiers who enrolled in skiing classes. In both cases, the instructors were aware of the plaintiff's inexperience and failed to supervise them on the mountain. Here, the plaintiff was an experienced and skilled baseball player who was recruited by Dartmouth College and had been playing baseball since childhood. The plaintiff was not a novice and further was not participating in an introductory course where he had no knowledge of the subject. Unlike the plaintiffs in <u>Adie</u> and <u>Porter</u>, the plaintiff, here, had certain knowledge of the sport from his years of experience. Therefore, the instruction provided to the plaintiff was commensurate with his level of experience. The plaintiff's allegations do not support a claim for negligent instruction.

V. <u>The plaintiff does not dispute that there is no cause of action for spoliation</u>.

The plaintiff concedes that New Hampshire does not have a cause of action for spoliation. [Pl. Obj. Memo. at 5]. Furthermore, the plaintiff concedes that the defendant has produced video that shows the L-screen. Therefore, not only is there no cause of action for spoliation, but the plaintiff is conceding that there is no issue with spoliation. The plaintiff has all video clips that were obtained by Dartmouth College on the date of this incident and the videos show the L-screen at issue.

WHEREFORE, it is respectfully requested that this Court issue an order:

   A. Grant the defendant's Motion to Dismiss;

   B. Hold a hearing on the Motion to Dismiss; and

   C. Granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Trustees of Dartmouth College a/k/a
Dartmouth College

By its attorneys,

Getman, Schulthess, Steere & Poulin, P.A.

Dated: November 8, 2018     By:     /s/ Laurence W. Getman
                                    Laurence W. Getman (#922)
                                    Heather S. Ward (#17661)
                                    1838 Elm Street
                                    Manchester, NH 03104
                                    (603) 634-4300
                                    Email: lgetman@gssp-lawyers.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Reply Memorandum was filed with the Court on this 8th day of November, 2018.

    I hereby further certify that on November 8, 2018, a true and correct copy of the foregoing Reply Memorandum was served via ECF on Leslie C. Nixon, Esquire, counsel for the plaintiff.

                                                /s/ Laurence W. Getman
                                                 Laurence W. Getman, Esquire